**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RODNEY BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 22-cv-01119 |
| | ) | |
| MICHAEL GRIECO, in his capacity as an Officer of the Chicago Heights Police Department, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AT LAW**

The Defendant, MICHAEL GRIECO, by and through his attorney Veronica Bonilla-Lopez of DEL GALDO LAW GROUP, LLC, in answer to Plaintiff's Complaint states:

1. Plaintiff is a natural person and resident of the County of Cook in the State of Illinois.

**ANSWER: Defendant admits the allegations contained in Paragraph 1 of the Complaint.**

2. Plaintiff is and identifies as Black and/or African-American.

**ANSWER: Defendant admits Plaintiff is Black and/or African-American as contained in Paragraph 2 of the Complaint but lacks sufficient knowledge to admit or deny how Plaintiff identifies himself.**

3. At all times herein relevant, Defendant was and is employed as a police officer with the City of Chicago Heights.

**ANSWER: Defendant admits the allegation contained in Paragraph 3 of the Complaint.**

4. Defendant is white.

**ANSWER: Defendant admits the allegation contained in Paragraph 4 of the Complaint.**

5. On or about April 30, 2020, at about 5:00 am, Plaintiff was walking lawfully on a sidewalk in front of his home when Defendant approached in his patrol vehicle.

**ANSWER: Defendant admits Plaintiff was walking on the sidewalk near his home on or about April 30, 2020 when Defendant approached in his patrol vehicle. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.**

6. According to Defendant's bodycam footage, Defendant sees the Plaintiff and then uses his radio to notify dispatch that he sees "a man in a gray coat" walking on the side of the road and "I'm gonna try to stop him."

**ANSWER: Defendant admits that as reflected in the bodycam footage, Defendant sees Plaintiff and uses his radio to notify dispatch that he sees a guy in a gray coat walking westbound on 16th street and that he was gonna try to stop him but denies the remaining allegations contained in Paragraph 6 of the Complaint.**

7. Defendant, in his call to dispatch, did not identify any probable cause for stopping Plaintiff.

**ANSWER: Defendant denies the allegations contained in Paragraph 7 of the Complaint.**

8. In fact, Defendant had no probable cause to stop Plaintiff.

**ANSWER: Defendant denies the allegations contained in Paragraph 8 of the Complaint.**

9. Plaintiff was unarmed and walking on the sidewalk in front of his home because he could not sleep.

**ANSWER: Defendant admits Plaintiff was unarmed but lacks sufficient knowledge to admit or deny the reason Plaintiff was walking on the sidewalk.**

10. Defendant requested backup on his radio.

**ANSWER: Defendant denies the allegation contained in Paragraph 10 of the Complaint.**

11. Defendant flashed his lights, got out of his car, and shouted at Plaintiff to put up his hands.

**ANSWER: Defendant admits he got out of the car but denies the remaining allegations contained in Paragraph 11 of the Complaint.**

12. At this point, several other police vehicles arrived with their lights flashing.

**ANSWER: Defendant admits other police vehicles arrived on scene but lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint.**

13. Defendant then proceeded to detain Plaintiff whilst he patted Plaintiff down for weapons.

**ANSWER: Defendant admits he patted Plaintiff down for weapons but denies the remaining allegations contained in Paragraph 13 of the Complaint.**

14. Defendant refused to believe Plaintiff when he said he lived at the house.

**ANSWER: Defendant denies the allegations contained in Paragraph 14 of the Complaint.**

15. Defendant told Plaintiff that he was being stopped because of a "shots fired" call from dispatch in the area.

**ANSWER: Defendant admits that he informed Plaintiff that there were calls of shots fired but denies Paragraph 15 of the Complaint accurately alleges the entirety of the conversation between Defendant and Plaintiff.**

16. However, according to the bodycam footage, Defendant told dispatch he had heard no gunshots just before he stopped Plaintiff.

**ANSWER: Defendant denies the allegations contained in Paragraph 16 of the Complaint.**

17. In fact, Defendant had no reason to believe that Plaintiff had fired the gunshots.

**ANSWER: Defendant denies the allegations contained in Paragraph 17 of the Complaint.**

18. Instead, Defendant stopped Plaintiff solely because he was a Black man walking at night.

**ANSWER: Defendant denies the allegations contained in Paragraph 18 of the Complaint.**

19. After finding no weapons on Plaintiff, Defendant proceeded to ask Plaintiff questions about the gunshots.

**ANSWER: Defendant admits he found no weapons on Plaintiff and asked Plaintiff if he heard anything but denies the remaining allegations contained in Paragraph 19**

20. Defendant also ordered Plaintiff to identify himself.

**ANSWER: Defendant admits Plaintiff was asked for his name but denies the remaining allegations contained in Paragraph 20 of the Complaint.**

21. Plaintiff indicated he heard no gunshots.

**ANSWER: Defendant admits the allegation contained in Paragraph 21 of the Complaint.**

22. Defendant then wanted to know why Plaintiff was walking by himself.

**ANSWER: Defendant denies the allegations contained in Paragraph 22 of the Complaint.**

23. Plaintiff responded that he was having trouble sleeping.

**ANSWER: Defendant admits that Plaintiff offered that he was having trouble sleeping but denies the remaining allegation contained in Paragraph 23 of the Complaint.**

24. In response, Defendant issued an order to Plaintiff to stay inside his home.

**ANSWER: Defendant admits that he told Plaintiff "I would advise that you go inside" but denies the remaining allegations contained in Paragraph 24 of the Complaint.**

25. At the time, Defendant had no lawful basis to order Plaintiff to do so.

**ANSWER: Defendant denies Plaintiff was ordered and denies the remaining allegations in Paragraph 25 of the Complaint.**

26. Defendant would not have stopped Plaintiff had Plaintiff been white.

**ANSWER: Defendant denies the allegations contained in Paragraph 26 of the Complaint.**

**COUNT I – VIOLATIONS OF 42 U.S.C. 1983**

27. Plaintiff restates and re-alleges paragraphs 1-25 of this Complaint as if fully set forth herein.

**ANSWER: Defendant restates its responses to Paragraphs 1- 25 as thought fully stated herein as its answer to Paragraph 27.**

28. Pursuant to 42 U.S.C. 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act

or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

**ANSWER: Defendant admits Paragraph 28 accurately quotes a portion of 42 U.S.C. 1983 but denies any violation of Plaintiff's rights.**

29. Defendants violated Plaintiff's rights under Illinois law and the U.S. Constitution by one or more of the following acts or omissions:

(a) Detaining Plaintiff under threat of force without reasonable suspicion or probable cause;

(b) Patting Plaintiff down for weapons during an unlawful detainment;

(c) Interrogating Plaintiff without providing proper *Miranda* warnings during an unlawful detainment;

(d) Detaining Plaintiff because he is Black;

(e) Ordering Plaintiff to remain in his home without authority to do so;

(f) Other unlawful acts and/or omissions as set forth herein.

**ANSWER: Defendant denies the allegations contained in Paragraph 29 (a)-(f) of the Complaint.**

## AFFIRMTIVE DEFENSES

Defendant, MICHAEL GRIECO asserts the following affirmative defenses to Plaintiff's Complaint as set forth above:

1. At all relevant times, Defendant acted as a Police Officer for the City of Chicago Heights and is entitled to qualified immunity for his actions. Accordingly,

Plaintiff's claims against Defendant are barred, in whole or in part, and the Defendant is qualifiedly immune where he acted reasonably and his actions did not violate a clearly established law/right.

2. Plaintiff's acts caused or contributed to causing Plaintiff's injuries. Any verdict or judgment obtained by Plaintiff herein must be reduced by the percentage of fault attributed to Plaintiff's acts, and if Plaintiff's percentage of fault is determined to exceed fifty percent (50%) or more, of the total cause, then Plaintiff must be barred from recovery herein.

Respectfully submitted,
MICHAEL GRIECO

By: /s/ *Veronica Bonilla-Lopez*
Veronica Bonilla-Lopez

K. Austin Zimmer (#6276227)
Veronica Bonilla-Lopez (#6281050)
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Ave.
Berwyn, IL 60402
(708) 222-7000
(708) 222-7001 Fax
zimmer@dlglawgroup.com
vblopez@dlglawgroup.com